| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

United States District Court
Southern District of Texas
**ENTERED**
February 07, 2021
Nathan Ochsner, Clerk

Eduardo Edgar Molina, §
　　　　　　　　　　　　§
　　　　　　Plaintiff, §
　　　　　　　　　　　　§
versus　　　　　　　　　§　　　Civil Action H-19-1896
　　　　　　　　　　　　§
Home Depot USA, §
　　　　　　　　　　　　§
　　　　　　Defendant. §

## Opinion on Summary Judgment

1. *Background.*

　　On July 7, 2017, Eduardo Molina was working at a Home Depot in Spring Valley, Texas, when he injured his lower back stacking wooden posts. Molina says his supervisor ordered him to stack the posts by himself, even though store policy requires two employees to lift and move them.

　　Molina sued Home Depot USA for negligence. Home Depot has moved for summary judgment, arguing that it did not have a duty to supply Molina assistance stacking the posts.

2. *Negligence.*

　　To survive a motion for summary judgment on a negligence claim, Molina must show some evidence that Home Depot had a duty to supply additional assistance stacking the posts. Molina must also show that Home Depot breached this duty, and its breach caused his damages.

　　Molina says Home Depot had a duty to supply additional assistance stacking the posts. His theory about what exactly Home Depot owed him has evolved; Molina first says in his complaint that Home Depot owed him additional physical assistance, but he says in his response that Molina needed a back brace and in-person training to teach him how to stack the posts. Whatever he needed, Molina says that Home Depot did not supply it, causing his injuries.

An employer is not liable when an employee is injured performing the same type of work that he has always done, unless the work was always unusually precarious. In his deposition, Molina said that stacking wooden posts was an ordinary, customary part of his job responsibilities, and he performed this task daily. He also said that customers even moved the posts from the shelves the same way he had been moving them.

No fact indicates that stacking wooden posts was unusually precarious, requiring Home Depot to supply assistance. In his deposition, Molina said that did not need help flat stacking the posts. Now he argues that Home Depot should have assigned him a mentor for in-person training. Home Depot cannot tell who is uncomfortable with his work, so its policy puts the burden on the employee to ask for a mentor. Molina did not. Home Depot did not have the opportunity to supply Molina whatever he "needed."

In his response, Molina also argues that he needed a back brace to stack wooden posts. No fact indicates he needed one to perform this task, and no fact shows that his injury would have been prevented had he worn a brace. Instead, the evidence indicates the opposite: Molina stacked wooden posts daily at Home Depot without a back brace for a year before he was injured on July 7, 2017.

Molina's negligence claim fails.

3. Conclusion.

Because Eduardo Molina cannot show that Home Depot USA had a duty to provide additional assistance stacking the posts, he will take nothing from Home Depot USA.

Signed on February 5, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge